UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAICHUN XIONG,<br><br>        Plaintiff,<br><br>    v.<br><br>MERRICK B. GARLAND, *et al*.<br><br>        Defendants. | Case No. 1:24-cv-00802-CDB<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>SCREENING ORDER ALLOWING PLAINTIFF'S COMPLAINT TO PROCEED<br><br>(Doc. 2) |

      Plaintiff Kaichun Xiong ("Plaintiff") initiated this action with the filing of a complaint for writ of mandamus against Defendants Merrick B. Garland, Alejandro Mayorkas, and Ur. M. Jaddou ("Defendants"). (Doc. 1). Plaintiff did not pay the filing fee and instead filed an application to proceed *in forma pauperis* (or "IFP") pursuant to 28 U.S.C. § 1915. (Doc. 2). For the following reasons, the Court will grant Plaintiff's application to proceed *in forma pauperis* and permit this action to proceed on the claims asserted in Plaintiff's complaint.

**Plaintiff's Allegations**

      Plaintiff is a native and citizen of China and currently resides in Bakersfield California. (Doc. 1 at ¶¶ 3-4). On September 9, 2016, Plaintiff entered the United States on a B-2 visa. *Id*. at ¶ 5. Plaintiff filed a Form I-589, application for asylum and for withholding of removal on January 23. 2017. *Id*. at ¶ 6. On February 14, 2017, Plaintiff complied and attended a biometrics

appointment to complete all required background checks. *Id*. at ¶ 7. To date, U.S. Citizenship and Immigration Services ("USCIS") has not adjudicated Plaintiff's I-589 application, and Plaintiff still awaits an interview. *Id*. at ¶ 8.

Since March 2021, Plaintiff has submitted inquires with multiple officials at USCIS, regarding his I-589 application. *Id*. at ¶ 9. USCIS has not responded to Plaintiff's inquiries. *Id*. at ¶ 10. Plaintiff asserts he and his family have endured significant mental, emotional, financial, and professional harm due to Defendants' failure to adjudicate Plaintiff's application within a reasonable period of time. *Id*. at ¶¶ 11-13. Plaintiff has waited over seven years to receive an interview. *Id*. at ¶ 14.

On July 10, 2024, Plaintiff filed the instant complaint for writ of mandamus. *Id*. Plaintiff seeks relief under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedures Act ("APA") and asks the Court to order Defendants to adjudicate his Form I-589 petition for asylum. *Id*. at 5-8.

**Proceeding *in forma pauperis***

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person…possesses (and) that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, the Court has reviewed Plaintiff's application and financial status affidavit (Doc. 2) and finds the requirements of 28 U.S.C. § 1915(a) are satisfied.

**Discussion**

  I.   Legal Standard

With respect to *in forma pauperis* cases, Congress has provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious…fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915€(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, § 1915€ "applies to all in forma pauperis [proceedings], not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section

2

1915€ not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id*. at 1127.

A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."). The purpose of the complaint is to give the defendant fair notice of the claims, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). As set forth by the Supreme Court, Rule 8:

> … does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2 266, 268 (9th Cir. 1982). The *Iqbal* Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."

*Iqbal*, 556 U.S. at 678. When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id*. The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez*, 203 F.3d at 1127-28 (en banc).

///

II.     Analysis

A writ of mandamus is proper for the purpose of "compel[ing] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. "The extraordinary remedy of mandamus…will issue only to compel the performance of 'a clear nondiscretionary duty.'" *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602 (1984)). Plaintiff must show that (1) his "claim is clear and certain; (2) the official's duty is non-discretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Lucatero v. United States INS*, 69 Fed. Appx. 836, 838 (9th Cir. 2003); *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). Importantly, a mandamus petition compelling an agency to execute nondiscretionary duties seeks the same relief afforded by the APA. *R.T. Vanderbilt Co. v. Babbit*, 113 F.3d 1061, 1065 (9th Cir. 1997) (recognizing "mandamus relief and relief under the APA are 'in essence' the same…"). Therefore, courts can analyze a mandamus claim through an APA framework if the APA provides an adequate remedy.

Here, Plaintiff seeks the same outcome under both statutes: for this Court to compel Defendants to adjudicate his I-589 petition for asylum. (Doc. 1 at 8). Because Plaintiff's request under the Mandamus Act and APA are the same, the Court finds that the latter provides an adequate remedy for all of Plaintiff's claims and employs an APA analysis accordingly. The APA requires administrative agencies to adjudicate "matter[s] presented to [them]" within a "reasonable time." 5 U.S.C. § 555(b). When an agency fails to execute this duty, a "reviewing court shall…compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). To evaluate whether such a delay is unreasonable, the Court applies the six "*TRAC*" factors, named after the balancing test, announced in *Telecomms. Rsch. & Action Ctr.* ("*TRAC*") v. *F.C.C.*, 750 F.2d 70, 79-80 (D.C. Cir. 1984). *In re A Cmty. Voice*, 878 F.3d 779, 783-84 (9th Cir. 2017) (citing *Indep. Min.*, 105 F.3d at 507). The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason[";]
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency in the enabling statute, that statutory scheme may supply content for this rule of

4

        reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and

(6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*Vaz*, 33 F.4th at 1137 (quoting *TRAC*, 750 F.2d at 80).

        The Court has conducted a preliminary review of Plaitniff's complaint. It is not clear from the face of the complaint whether the delay in adjudicating Plaintiff's I-589 petition for asylum was unreasonable under the factors set forth in *TRAC*. However, the Court preliminarily assesses that Plaintiff's complaint states a cognizable claim.

        Accordingly, it is HEREBY ORDERED:

1. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is GRANTED; and

2. The Court will issue an order in due course providing service documents to Plaintiff that he must complete and return so that Defendants may be served.

IT IS SO ORDERED.

Dated: __**July 12, 2024**__                        _____
                                                  UNITED STATES MAGISTRATE JUDGE