UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAICHUN XIONG,<br><br>    Plaintiff,<br><br>    v.<br><br>MERRICK B. GARLAND, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00802-CDB<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE LOCAL RULES<br><br>(Doc. 13)<br><br>**14-DAY DEADLINE**<br><br>ORDER VACATING MOTION HEARING SET FOR FEBRUARY 19, 2025 |

**Relevant Background**

On July 10, 2024, Plaintiff Kaichun Xiong ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint for writ of mandamus against Defendants Merrick B. Garland, Alejandro Mayorkas, and Ur. M. Jaddou ("Defendants"). (Docs. 1, 3). On December 19, 2024, Defendants filed the pending motion to dismiss and served the motion upon Plaintiff. (Doc. 13). On January 14, 2025, Defendants replied in support of the pending motion. (Doc. 15). Plaintiff has failed to file an opposition or statement of non-opposition. Hearing on the motion is currently set for February 19, 2025, at 10:30 a.m. (Doc. 13).

**Order to Show Cause**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that

"[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110.  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Further, Local Rule 230 states in relevant part: "Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question." E.D. Cal. Local Rule 230(c).

Here, Plaintiff's opposition or statement of non-opposition was due on or before January 2, 2024.  Plaintiff has failed to file an opposition or statement of non-opposition to the pending motion, and the time to do so has now passed.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED:

1. The Court **ORDERS** Plaintiff to show cause in writing **within 14 days** of the date of service of this order, why sanctions should not be imposed for their failure to comply with the Local Rules. Alternatively, within that same time, Plaintiff may file an opposition or statement of non-opposition to the pending motion to dismiss filed on December 19, 2024. **Any failure by Plaintiff to respond to this Order may result in the recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute.**

2. The Court deems the motion submitted without need for hearing and oral argument and **VACATES** the motion hearing set for February 19, 2025. *See* E.D. Cal. Local Rule 230(g).

IT IS SO ORDERED.

Dated: **February 3, 2025**

UNITED STATES MAGISTRATE JUDGE